UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOLIAN CELINA GUTIERREZ-CRUZ, | |
| Petitioner, | |
| v. | CIVIL NO. SA-15-CA-631-FB |
| HENRY LUCERO, ET AL., | |
| Respondents. | |

**ORDER and ADVISORY**

On July 30, 2015, petitioner paid the filing fee in connection with her "Verified Petition for Writ of Habeas Corpus." Attached to her verified petition are an "Application for Order to Show Cause" and a proposed "Order to Show Cause" which, in sum, would require respondents to show cause within three days as to why petitioner should not be released from immigration detention.[1] Otherwise, petitioner indicated at the time of filing her petition for writ of habeas corpus: "No summons requested at this time" (this notation appears in the CM/ECF record of all docket filings) and there is no indication in the CM/ECF record that any respondent has been served. The Court enters this advisory to petitioner to remind petition that it is her responsibility to accomplish timely and effective service of process of her verified petition on each respondent.

---

[1] The petition is captioned as a "verified petition for writ of habeas corpus," and states it is filed to obtain petitioner's "immediate release." Docket no. 1 at 1, 2. It lists two claims for relief, one based on "prolonged detention" and a second based on "indefinite detention." Id. at 11-13. As relief, it seeks petitioner's "immediate release from custody," declarations about petitioner's custody, as well as an award of reasonable, attorneys' fees and costs, and an award of "compensatory damages." Id. at 13-14. The verified petition for habeas corpus does not expressly allege a basis for an award of compensatory damages by including a particularized statement of facts to show such an award would be appropriate.

Accordingly, it is hereby **ORDERED** that:

1. **Service on Respondents.** Petitioner, who has paid the docketing fee and is represented by counsel, must request issuance of summons for each respondent required to be served and must accomplish effective service of process. Petitioner should serve on each respondent her verified petition for habeas corpus and each of its attachments as well as this order.

2. **Respondent's Answer.** Each respondent must file an answer or other responsive pleading within **30 days** after being served with petitioner's verified petition for writ of habeas corpus. Each respondent's answer generally must comply with Rule 5 of the Rules Governing § 2254 Cases in the United States District Courts and Rule 12 of the Federal Rules of Civil Procedure.

3. **Service on Petitioner.** Each respondent must serve petitioner with a copy of the answer in accordance with the provisions of Rule 5(b) of the Federal Rules of Civil Procedure.

4. **Defenses, including Exhaustion and Procedural Bar Issues.** Each respondent's answer must raise that respondent's defenses and must address the issue of whether petitioner has exhausted available remedies, *including any and all administrative remedies*, with regard to each of the ground for federal habeas corpus relief. If respondent denies that petitioner has exhausted available remedies with regard to any ground for federal habeas relief set forth in petitioner's pleadings, respondent must explain, in detail, those remedies still available to petitioner with regard to each unexhausted claim. In the event that respondent wishes to assert the defense that petitioner has procedurally defaulted on any claim for relief contained in petitioner's federal habeas corpus petition or is otherwise barred from asserting any claim, respondent must assert that defense and identify with specificity which of petitioner's claims the respondent contends are barred from consideration by this Court.

5. **Petitioner's Reply.** On or before **20 days** after the date any 0respondent files his answer or other responsive pleading to petitioner's petition, petitioner must file with the Clerk of this Court and serve on respondent's counsel of record any reply to make to respondent's answer or other responsive pleading.

6. **Duty to Serve Opposing Counsel.** Petitioner is reminded of her obligation under the Federal Rules of Civil Procedure and this Court's Local Court Rules to send a copy of all pleadings, motions or other documents she submits to the Clerk of this Court for filing to respondent's counsel of record and include a certificate of service in any document submitted for filing that states the date and method (*i.e.*, hand-delivery, certified mail, first class mail) by which petitioner sent a copy of that document to respondent's counsel of record. The Court will disregard any document submitted for filing by petitioner after the date of this order that does not include a certificate of service.

7. **Duty to Inform Court of Change of Address.** Petitioner must immediately notify

the Clerk and respondent's counsel in writing of any change in his mailing or residence address. Petitioner must caption any such change of address advisories as "Notice to the Court of Change of Address" and not include any motions or other matters in the notice other than the new address and its effective date. Failure by petitioner to immediately notify the Clerk and respondent's counsel of any change in petitioner's mailing and residence address can be interpreted by the Court as a failure to prosecute and can result in dismissal of petitioner's claims.

8. **Local Rule CV-7(e).** Local Court Rule CV-7(e) provides a **14-day period** within which an opposing party must file a response to a dispositive motion and a **7-day period** within which an opposing party must file a response to a nondispositive motion. Failure to respond can be interpreted as lack of opposition to the relief requested in the motion and can result in the dismissal of petitioner's claims and case based on a failure to timely prosecute.

9. Pursuant to 28 U.S.C. § 636(c), the parties may consent to have a case proceed and decided before a Magistrate Judge with final judgment entered by the Magistrate Judge. Within **thirty (30) days** from the date of this order, each party must file an advisory, using the attached form, stating whether the party does, or does not, consent to have all proceedings decided by the undersigned, including and through the entry of final judgment. There are no penalties whatsoever that flow from the decision, but the Court has a practice of calling for the advisories to ensure the case is handled in accordance with the parties' election.

**ORDERED, SIGNED and ENTERED** this 3rd day of August, 2015.

*/s/ Pamela A. Mathy*
**PAMELA A. MATHY**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOLIAN CELINA GUTIERREZ-CRUZ,<br><br>　　Petitioner,<br><br>v.<br><br>HENRY LUCERO, ET AL.,<br><br>　　Respondents. | CIVIL NO. SA-15-CA-631-FB |

## ADVISORY TO THE CLERK OF COURT

The undersigned party in the above-captioned case elects as follows (please select only one of the following options):

☐　I consent to proceed before a United States Magistrate Judge in accordance with provisions of Title 28 U.S.C. Section 636. The undersigned party in the above-captioned case waives the right to proceed before a United States District Judge and consents to have a United States Magistrate Judge conduct any and all further proceedings in this case, including rendering a decision, and to order the entry of final judgment. Any appeal shall be taken to the United States Court of Appeals for the Fifth Circuit in accordance with Title 28 U.S.C. Section 636(c)(3).

☐　I do **not** consent to proceed before a United States Magistrate Judge. The undersigned party in the above-captioned case elects **not** to have this case decided by a United States Magistrate Judge and prefers that this case proceed before the District Judge.

_____
　　Party Name (Printed)

By:_____
　　(Signed by Attorney or Pro Se Party)

Date _____, 2015